IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-02320-RPM

RALPH and DEBORAH DUMPERT,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

ORDER DISMISSING SECOND AND THIRD CLAIMS FOR RELIEF

---

    In this case based on diversity of citizenship jurisdiction the plaintiffs seek recovery of damages pursuant to the underinsured motorist benefits provision of the defendant's insurance policy issued to their son Justin Dumpert who was killed in an automobile collision in Durango, Colorado, on August 31, 2006. The collision was caused by the driver of the other vehicle who was driving while intoxicated. He was also killed. That driver was insured by American Family Insurance which issued a policy with liability limits of $1,100,000. The plaintiffs' wrongful death case filed against the drunk driver's estate was settled for $850,000 paid by American Family Insurance. State Farm gave permission for that settlement on March 11, 2009.

    The plaintiffs' complaint in this case also includes a second claim for relief, alleging breach of the implied covenant of good faith and fair dealing applicable under both Arizona and Colorado law. The defendant's policy was issued in Arizona and Justin Dumpert lived in Durango, Colorado. A third claim for relief alleged a violation of Colorado's statute providing a

remedy for an unreasonable denial of an insurance claim.  C.R.S. § 10-23-1115(1)(A) and 10-3-1116(1).

At the scheduling conference held in this case on November 17, 2010, the parties submitted an agreed scheduling order, which this Court entered.  In their statement of claims and defenses, the plaintiffs said the following:

> Plaintiffs claim that the only reason that they accepted the $850,000 settlement from American Family was that they did not want to go through the emotional stress of a trial at that time in their lives when the most they could have received at the wrongful death trial was $1,100,000.00, the limits of Mr. DeBlina's insurance coverage under the American Family policies, because their previous attorney failed to properly notify Mr. DeBlina's estate of Plaintiffs' claims within the applicable time period of C.R.S. § 15-12-803.

State Farm denied the plaintiffs claim on the ground that the recoverable damages did not exceed the $850,000 obtained from American Family Insurance.

At the depositions of the two plaintiffs, counsel for State Farm asked for information as to why they agreed to a settlement of an amount $250,000 less than the available coverage. Counsel for the plaintiffs ordered them not to answer after colloquy with defendant's counsel as to what information they sought that would be reasonably calculated to lead to the discovery of admissible evidence.  Defendant's counsel refused to respond to that question but it is clear that the purpose of the question was to pursue the position stated on behalf of the plaintiffs in the scheduling order as to the reasons for the settlement.

The defendant on May 10, 2011, filed a motion for sanctions for a violation of D.C.COLO.L.Civ.R. 30.3 and/ or for summary judgment on the bad faith claims.  The sanctions under the local rule are an order for payment of expenses.  The defendant asks that the refusal

to answer should be deemed an admission that they have been fully compensated by the settlement. That is not an appropriate sanction for the misconduct of counsel.

The defendant also asserts that summary judgment of dismissal of the second and third claims for relief should be granted because the plaintiffs have failed to show any basis for contending that the denial of the claim in excess of the settlement amount was unreasonable or in bad faith. In their response to the defendant's motion, the plaintiffs contend that because Scott Lane called Deborah Dumpert on September 15, 2006, 15 days after the death of her son Justin, concerning the collision and her son, the conduct of State Farm should be deemed unreasonable. They have offered no additional support for the claims under the second and third claims for relief, and, accordingly, summary judgment dismissing those claims will be granted.

The issue to be decided under the first claim for relief is whether the plaintiffs' damages from the wrongful death of their son are more than the $1.1 million dollars of coverage under the American Family Insurance policy. The plaintiffs are not bound by the $850,000 settlement but the plaintiffs will not be permitted to explain their acceptance of that amount on the grounds stated in the scheduling order because of their refusal to respond to the pertinent questions at their depositions. Accordingly, it is

ORDERED that the second and third claims for relief are dismissed under Fed.R.Civ.P. 56. It is

FURTHER ORDERED that the defendant's motion for sanctions under the local rule is denied and it is

FURTHER ORDERED that a pretrial conference will now be convened on the remaining claim for benefits up to the State Farm policy limits of $100,000 by proving damages exceeding the $1.1 million dollars coverage under the American Family Insurance policy.

Dated: June 29th, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge