IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-02320-RPM

RALPH DUMPERT and
DEBORAH DUMPERT,

      Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

## PRE-TRIAL RULINGS

Pursuant to the briefing subsequent to the Pre-trial Conference held on August 2, 2011, and the Plaintiffs' Proffer of Evidence filed September 1, 2011, and the apparent need for rulings on certain issues to guide the jury trial of this civil action, it is ORDERED as follows:

    1.    The measure of damages recoverable by the plaintiffs for the wrongful death of their son, Justin Lampert, is that provided by the law of their domicile, Arizona. Even if Colorado law applied, the statutory cap on non-economic loss would not be applicable because of the conduct of Thaddeus DeBolina in causing the fatal collision.

    2.    There is no issue of liability of Thaddeus DeBelina as the sole cause of death. Evidence concerning his criminal record and pre-collision conduct is excluded pursuant to F.R.E. 403.

3. Evidence relevant to the plaintiffs' learning of the death of their son and the manner of his death may be admitted for the purpose of determining the extent to which their grief and emotional distress were aggravated by such information.

4. The opinion of Cynthia Bartmann as to the economic loss to the plaintiffs is not admissible.

5. The extent of the plaintiffs' economic loss will be determined by evidence of Justin Dumpert's contributions to his parents and their reasonable expectations for the future. Work done for the benefit of other family members is irrelevant and work performed for the direct benefit of the plaintiffs will be measured by the reasonable value of that work if performed by contractors.

6. The issue for trial is whether the plaintiffs' wrongful death damages exceed $1,100,000. The $850,000 settlement will not be disclosed to the jury who will be instructed that the DeBelina liability insurance coverage up to that amount has been exhausted.

7. The defendant may take additional depositions of the plaintiffs limited to reasonable inquiry concerning the matters in paragraphs 3 and 5.

Date: March 30, 2012

BY THE COURT:

s/Richard P. Matsch
───────────────────────────────
Richard P. Matsch, Senior District Judge